**HALPERN MAY YBARRA GELBERG LLP**
  Marc D. Halpern (CA Bar No. 216426)
600 West Broadway, Suite 1060
San Diego, California 92101
Telephone: (619) 618-7000
marc.halpern@halpernmay.com

  Leslie A. Pereira (CA Bar No. 180222)
  Thomas Rubinsky (CA Bar No. 302002)
550 South Hope Street, Suite 2330
Los Angeles, California  90071
leslie.pereira@halpernmay.com
thomas.rubinsky@halpernmay.com

Attorneys for Plaintiff Live Nation Entertainment, Inc.

**ROBINS KAPLAN LLP**
  Scott G. Johnson (CA Bar No. 153735)
  Erica A. Ramsey (*pro hac vice*)
2049 Century Park East, Suite 3400
Los Angeles, CA  90067
Telephone:  (310) 552-0130
SJohnson@RobinsKaplan.com
ERamsey@RobinsKaplan.com

Attorneys for Defendant Factory Mutual Insurance Company

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIVE NATION ENTERTAINMENT, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>FACTORY MUTUAL INSURANCE COMPANY and DOES 1-30, inclusive,<br><br>        Defendants. | Case No. 2:21-cv-00862-JAK-KS<br><br>**POST-MEDIATION REPORT AND JOINT STIPULATION AND [PROPOSED] ORDER REGARDING BIFURCATION AND SCHEDULING** |

POST-MEDIATION REPORT & STIPULATION AND [PROPOSED] ORDER REGARDING BIFURCATION

Pursuant to the Local Rules, the Court's Initial Standing Order for Civil Cases Assigned to the Honorable John A. Kronstadt, and the Court's scheduling order, ECF No. 43, Plaintiff Live Nation Entertainment, Inc. ("Live Nation") and Defendant Factory Mutual Insurance Company ("FM"), by and through their undersigned counsel, submit this post-mediation report and joint stipulation regarding bifurcation and scheduling, and hereby stipulate as follows:

WHEREAS, the above-captioned insurance coverage action was filed by Plaintiff Live Nation on January 29, 2021, and Defendant FM filed its Answer on March 26, 2021 (ECF No. 12);

WHEREAS, FM filed a Motion for Partial Judgment on the Pleadings on April 2, 2021 (ECF No. 15), which was fully briefed on May 28, 2021, came on for hearing on December 6, 2021, and was denied by the Court by written order issued on February 3, 2022 (ECF No. 42);

WHEREAS, also on February 3, 2022, the Court approved in part a stipulation to continue certain mediation and discovery dates submitted by the Parties, and issued a revised scheduling order (ECF No. 43);

WHEREAS, the Parties have been working diligently to conduct discovery of a very large volume of information in this matter, in which hundreds of separate amphitheaters, concert venues, and other event venues are at issue, each involving its own set of factual circumstances;

WHEREAS, both Parties are also conducting significant corporate-level and centralized discovery for overarching issues, in addition to discovery related to specific venues;

WHEREAS, pursuant to the Court's ADR Order, the Parties attended mediation before mediator Gerald Kurland, Esq., of JAMS, on June 16, 2022;

WHEREAS, the Parties were not able to reach a resolution of this matter at the June 16, 2022 mediation;

1  WHEREAS, while all this has been taking place, very significant effort has
2  also been dedicated to determining if there is an agreeable method for streamlining
3  discovery and litigation, given the number of separate locations at issue, and since
4  there is would be very significant discovery remaining if conducted on all locations
5  at once;
6  WHEREAS, having taken significant steps forward to date in sharing
7  information and conducting initial discovery, the Parties believe that the dispute
8  between the Parties can most effectively and efficiently be streamlined for both the
9  Parties and the Court through the use of "test sites" and a bifurcation of litigation
10 to first address those venues.
11 Specifically, the parties propose identifying a limited number of venues,
12 from the over 100 venues at issue, for a Phase I of the litigation.  The idea would
13 be for the Parties to select venues that are representative of most or all of the main
14 issues in the case, and that can serve as a template for the prompt resolution of
15 coverage claims for the remaining venues.  In Phase I, the Parties would complete
16 full discovery of the limited number of "test sites," as well as any remaining
17 necessary general discovery, and then litigate coverage for those "test sites"
18 through motion practice and trial, as needed, to obtain a Phase I judgment. The
19 Parties expect the judgment relating to the "test sites" at the end of Phase I will
20 assist the Parties in determining an appropriate path forward for the remainder of
21 the venues at issue during Phase II;
22 WHEREAS, in order to achieve the efficiencies outlined above through
23 phasing of this action, the Parties agree and request that the Court enter a case
24 management order allowing the Parties to jointly present a bifurcation and stay
25 order identifying the specific "tests sites" as outlined below, and extending the case
26 schedule in order to accommodate effective phasing of this dispute;
27     ///
28     ///

Accordingly, IT IS HEREBY STIPULATED AND AGREED that:

1. There is good cause to bifurcate this action into two phases so that this dispute can be efficiently and effectively litigated, and to conserve judicial resources;
2. Phase I will resolve Live Nation's claims with respect to a limited number of "test sites" to be selected by the Parties, either together or with each Party selecting some, with the purpose of presenting representative circumstances for the coverage claims at most or all of the remaining locations at issue in this case;
3. During Phase I, discovery and litigation on the remaining locations shall be stayed;
4. Following Phase I, the Parties shall attempt in good faith to resolve the remainder of the case based on the Phase I judgment or, if there are remaining issues for litigation, present a proposal for a highly streamlined Phase II for all other locations.
5. Should the Court be amenable to this bifurcation, the Parties hereby request the modifications to the case schedule set forth below, in order to select test cases for a formal bifurcation order, and then to proceed with Phase I;
6. Or, in the alternative, the Parties request that the Court set a case management conference to provide an opportunity for the Parties to discuss the proposal with the Court.

///
///
///
///

**Proposed Amended Case Schedule with Bifurcation**

| Deadlines: | [Revised Deadline]<br><br>Original Deadline |
|---|---|
| Deadline for Parties to Submit Proposed Bifurcation and Stay Order, Identifying Test Venues to be Litigated During Phase One | [September 15, 2022]<br><br>*No prior deadline* |
| Non-Expert Discovery Cut-Off for All Issues Related to Phase One Test Venues | [March 31, 2023]<br><br>August 1, 2022 |
| Expert Disclosures (Initial, Phase One)<br>(*3 weeks after non-expert discovery cut-off*) | [April 14, 2023]<br><br>August 15, 2022 |
| Expert Disclosures (Rebuttal, Phase One)<br>(*9 weeks after non-expert discovery cut-off*) | [April 28, 2023]<br><br>August 28, 2022 |
| Expert Discovery Cut-Off (Phase One)<br>(*12 weeks after non-expert discovery cut-off*) | [May 12, 2023]<br><br>September 12, 2022 |
| Last Date to File All Motions (incl. discovery motions)<br>(*12 weeks after non-expert discovery cut-off*) | [May 12, 2023]<br><br>September 12, 2022 |

| Private ADR | [Revised Deadline]<br><br>Original Deadline |
|---|---|
| Last day to conduct settlement conference or mediation | [July 20, 2022 – *no change requested* – mediation with Gerald Kurland of JAMS completed on June 16, 2022]<br><br>July 20, 2022 |

POST-MEDIATION REPORT & STIPULATION AND [PROPOSED] ORDER REGARDING BIFURCATION

1

| Private ADR | [Revised Deadline]<br><br>Original Deadline |
|---|---|
| Notice of Settlement / Joint Report re Settlement<br>*(First Friday following last day to conduct settlement conference or mediation)* | [July 22, 2022 – *no change requested* – matter did not resolve at mediation]<br><br>July 22, 2022 |
| Post Mediation Status Conference<br>(*10 days after due date to file notice of settlement / joint report re settlement: Mondays at 1:30 pm*) | [August 15, 2022 at 11:30 a.m. – *no change requested*]<br><br>August 15, 2022 at 11:30 a.m. |

Respectfully submitted,

Dated: June 23, 2022     HALPERN MAY YBARRA GELBERG LLP
　　　　　　　　　　　　　　　Marc D. Halpern


By: /s/ Marc D. Halpern
　　Marc D. Halpern
Attorneys for Plaintiff
Live Nation Entertainment, Inc.

Dated: June 23, 2022     ROBINS KAPLAN LLP
　　　　　　　　　　　　　Scott G. Johnson

By: /s/ Scott G. Johnson
　　Scott G. Johnson
Attorneys for Defendant
Factory Mutual Insurance Company

\* Pursuant to Local Rule 5-4.3.4(a)(2), the filer attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

POST-MEDIATION REPORT & STIPULATION AND [PROPOSED] ORDER REGARDING BIFURCATION

2