Robins Kaplan LLP
Scott G. Johnson (CA Bar No. 153735)
SJohnson@RobinsKaplan.com
Erica A. Ramsey *(Pro Hac Vice)*
ERamsey@RobinsKaplan.com
2049 Century Park East
Suite 3400
Los Angeles, CA 90067
Telephone: (310) 552-0130
Facsimile: (310) 229-5800

Attorneys for Defendant Factory Mutual
Insurance Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIVE NATION ENTERTAINMENT, INC.,<br><br>Plaintiff,<br><br>v.<br><br>FACTORY MUTUAL INSURANCE COMPANY,<br><br>Defendant. | Case No. 2:21-cv-00862-JAK-KS<br><br>Case assigned to Judge John A. Kronstadt<br><br>**FACTORY MUTUAL INSURANCE COMPANY'S THIRD NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>Hearing Date: August 15, 2022<br>Time: 8:30 a.m.<br>Courtroom: 10B |

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

Defendant Factory Mutual Insurance Company ("Factory Mutual") hereby notifies the Court of the following legal authority in support of its Motion for Reconsideration [ECF No. 44]:

1. The October 25, 2022 Memorandum Opinion in *Protégé Restaurant Partners LLC v. Sentinel Insurance Company, Limited, DBA The Hartford*, No. 5:20-cv-03674-BLF (9th Cir. Oct. 25, 2022), attached hereto as **Exhibit A**.

The aforementioned is a new decision supporting Factory Mutual's argument, which was issued after August 15, 2022, the hearing date on Factory Mutual's Motion for Reconsideration.

Dated: October 31, 2022

**Robins Kaplan LLP**

By: /s/ Scott G. Johnson
Scott G. Johnson
Erica A. Ramsey

Attorneys for Defendant Factory Mutual Insurance Company

93365238.1

- 1 -

THIRD NOTICE OF SUPPLEMENTAL AUTHORITY

# EXHIBIT A

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 25 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PROTEGE RESTAURANT PARTNERS LLC, on Behalf of Itself and All Others Similarly Situated, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> SENTINEL INSURANCE COMPANY, LIMITED, DBA The Hartford, <br><br> Defendant-Appellee. | No. 21-16814 <br><br> D.C. No. 5:20-cv-03674-BLF <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Submitted October 21, 2022[**]
San Francisco, California

Before: GILMAN,[***] CALLAHAN, and VANDYKE, Circuit Judges.

Plaintiff-Appellant Protégé Restaurant Partners, LLC (Protégé) appeals from

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Ronald Lee Gilman, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

the district court's dismissal of its complaint under Federal Rule of Civil Procedure 12(b)(6). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Protégé owns and operates a restaurant in Palo Alto, California. In January 2020, it purchased a "business interruption" insurance policy (the Policy) from Defendant-Appellee Sentinel Insurance Company (Sentinel). The Policy provides, in relevant part, three types of business interruption coverage: Civil Authority, Business Income, and Extra Expense. According to the Policy, these coverages apply only if there has been "direct physical loss or physical damage" or "risks of physical loss" to property.

In March 2020, Protégé filed a claim under the Policy, seeking coverage for business interruptions caused by COVID-19. After Sentinel denied its claim, Protégé sued. In February 2021, the district court dismissed Protégé's complaint with leave to amend, finding that each of the Civil Authority, Business Income, and Extra Expense coverages required direct physical damage or loss and that Protégé did "not adequately plead that it suffered a loss under the unambiguous … language of the Policy." The following month, Protégé filed an amended complaint, which the court dismissed in September 2021, finding that Protégé had failed to remedy the deficiencies identified in the court's prior dismissal order. This timely appeal followed.

"We review de novo an order granting a motion to dismiss for failure to state

2

a claim under [Rule] 12(b)(6).*" Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.*, 15 F.4th 885, 889 (9th Cir. 2021). In considering a Rule 12(b)(6) motion, we ask whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *In re Dynamic Random Access Memory (DRAM) Indirect Purchaser Antitrust Litig.*, 28 F.4th 42, 44–45 (9th Cir. 2022) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Because California law controls our interpretation of the Policy, we "are bound to follow the decisions of the state's highest court, and when the state supreme court has not spoken on an issue, we must determine what result the court would reach based on state appellate court opinions, statutes[,] and treatises." *Mudpie, Inc.*, 15 F.4th at 889 (quoting *Diaz v. Kubler Corp.*, 785 F.3d 1326, 1329 (9th Cir. 2015)). "We will ordinarily accept the decision of an intermediate appellate court as the controlling interpretation of state law." *Id.* (quoting *Tomlin v. Boeing Co.*, 650 F.2d 1065, 1069 n.7 (9th Cir. 1981)).

In its opening brief, Protégé attempts to distinguish this case from others concerning nearly identical insurance policies by arguing that, unlike other plaintiffs, Protégé alleges that "the presence and contamination of [its] property by COVID-19 … satisf[ies] the Policy's 'direct physical loss of or physical damage to property' requirement." But after Protégé filed its opening brief, the California Court of Appeal issued *United Talent Agency v. Vigilant Insurance Co.*, 77 Cal. App. 5th 821 (2022), and *Musso & Frank Grill Co. v. Mitsui Sumitomo Insurance USA Inc.*, 77

3

Cal. App. 5th 753 (2022), which directly undermine Protégé's argument.

In *United Talent Agency*, the court considered an insurance policy that provided materially identical coverage to the Policy here. *See* 77 Cal. App. 5th at 824–25. And like Protégé, the plaintiff in *United Talent Agency* "asserted that the presence of [COVID-19] itself could constitute physical damage." *Id.* at 826. The court rejected this assertion, however, holding that the "'mere loss of use of physical property to generate business income, without any other physical impact on the property, does not give rise to coverage for direct physical loss.'" *Id.* at 834 (quoting *Inns-By-The-Sea v. California Mut. Ins.*, 71 Cal. App. 5th 688, 705–06 (2021)). Rather, as the court had previously held, "there must be some physicality to the loss of property—e.g., a physical alteration, physical contamination, or physical destruction." *Inns-by-the-Sea*, 71 Cal. App. 5th at 707. And although COVID-19 "may affect how people interact with and within a particular space," "the presence or potential presence of the virus *does not constitute direct physical damage or loss*" because it is "a ubiquitous virus transmissible among people and untethered to any property." *United Talent Agency*, 77 Cal. App. 5th at 838 (emphasis added). Thus, the plaintiff's insurance policy in *United Talent Agency* "did not cover losses attributable to [COVID-19]." *Id.* at 841.

The same is true here. Although COVID-19 caused an interruption in Protégé's business, the virus did not cause "direct physical loss or physical damage"

4

or "risks of physical loss" as California courts have interpreted these phrases. Consequently, Protégé cannot recover under the Policy for its COVID-19 related business losses. *See Musso & Frank Grill*, 77 Cal. App. 5th at 760 ("At this point, there is no real dispute. Under California law, a business interruption policy that covers physical loss and damages does not provide coverage for losses incurred by reason of the COVID-19 pandemic.").

Protégé acknowledges *United Talent Agency* and *Musso & Frank Grill* in its reply brief, but argues that "there is 'convincing evidence that the state's supreme court likely would not follow' those decisions on Protégé's alleged facts." Specifically, Protégé argues that, in *Inns-By-The-Sea*, the California Court of Appeal "recognized the possibility of business-interruption insurance coverage for direct physical damage to property by COVID-19 in the unique circumstance where the coronavirus is present on and within the covered property and the policyholder alleges that such contamination caused the suspension of its operations." But this "possibility" was simply a hypothetical discussed by the court in *Inns-By-The-Sea* and is in no way binding on *any* California court—let alone the Supreme Court of California. The California Court of Appeal said as much in *United Talent Agency*. 77 Cal. App. 5th at 839 ("[A] discussion of a hypothetical scenario is not a statement of California law[.]"). But more importantly, the court in *United Talent Agency* considered the hypothetical Protégé relies on and explicitly rejected it. *Id.* at 839–

5

40.

**AFFIRMED**.

6